UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE WILLIAMS-DEGREE and FREDERICK L. DEGREE,

    Plaintiffs,

v.

WASHINGTON REALTY GROUP, LLC, and FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Defendants.

CASE NO. C12-6053 BHS

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants Washington Realty Group, LLC ("WRG") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") (collectively "Defendants") joint motion for summary judgment (Dkt. 21) and motion to strike (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion for summary judgment and grants the motion to strike for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 7, 2012, Plaintiffs Stephanie Williams-Degree and Frederick L. Degree ("Plaintiffs") filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh A. Plaintiffs assert a cause of action for negligence. *Id*.

1   On December 12, 2012, Freddie Mac removed the matter to this Court under
2 specific federal rules regarding lawsuits against Freddie Mac, which is an entity created
3 by the United States government.  Dkt. 1.
4   On July 19, 2013, Defendants filed a joint motion for summary judgment.  Dkt.
5 21.  On August 9, 2013, Plaintiffs responded.  Dkt. 24.  On August 16, 2013, Defendants
6 replied.  Dkt. 25.
7   On August 16, 2013, Defendants filed a motion to strike the declaration of Sharon
8 Benson.  Dkt. 26 (erroneously titled "Motion to Quash" on the electronic docket).  On
9 August 21, 2013, Plaintiffs responded.  Dkt. 30.  On August 23, 2013, Defendants
10 replied.  Dkt. 31.

11                         **II. FACTUAL BACKGROUND**

12   The alleged injuries in this case occurred at property located at 1116 South
13 Prospect Street, Tacoma, Washington ("the Property").  Freddie Mac acquired the
14 Property after foreclosure and owned the Property at all relevant times.  WRG was the
15 listing broker for the Property at all relevant times.
16   On December 15, 2011, Plaintiffs were walking around the neighborhood when
17 they passed upon the Property.  WRG had posted a for sale sign in front of the Property,
18 and the Plaintiffs decided to approach the front porch of the house.  To access the front
19 porch, there were small, concrete steps and a pole handrail.  Without incident, Plaintiffs
20 walked up the stairs onto the front porch and peered through the windows to observe the
21 interior of the Property. When they decided to leave, they turned, approached the stairs,
22 and declare as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

> Mr. Degree proceeded ahead of his wife and started to walk down the stairs. As he was walking down the stairs, with his back turned towards his wife, he noticed that the stairs were very slick, and he told her, "[b]e careful, it's slick". Mrs. Williams-Degree, who was a step behind her husband, with her hand on the hand-rail, attempted to take a step off the porch as her husband was warning her of the unsafe condition of the stairs, and then slipped on the top stair, falling to the ground, as her hand slipped off the small, pipe hand-railing adjacent to the stairs.

Dkt. 24 at 4.

With regard to the conditions of the steps, the parties dispute the severity of any hazardous condition present on the top stair. Defendants contend that:

> There was some moss that grew on the rise of the steps, but not the treads themselves, except for a small amount on the corner of the steps which did not grow onto the stepping surface. The moss was not removed because it did not present a safety concern, and because its appearance was not out of conformity with the appearance of other homes in the same neighborhood. WRG personnel did not find the steps to be slippery, or to present a health or safety concern.

Dkt. 21 at 4 (citations omitted). On the other hand, Plaintiffs have submitted photos that they declare were taken the day of the incident. Based on this evidence, they contend that:

> [Charlotte] Caffee took close-up photos of the concrete steps to show the moss and the slime that covered the steps at the time of the incident. Photos of the top concrete step showed the presence of green algae and moss, although the copies of the photos do not show the full extent to which the step was covered in the green algae, but it is still clear that there was moss and algae growing in the steps and the risers of the stairs, and that the leaves had not been raked from the lower stairs or the pathway leading up to the stairs.
>     As Charlotte Caffee took photos of the stairs and the surrounding area where the incident occurred, Mr. Degree inspected the area where Mrs. Williams-Degree had slipped. He noted that the concrete steps, particularly the top concrete step, were slippery due to the green algae growing on them. At the time the incident occurred, Mr. Degree was unaware of what caused his wife to fall, even though he knew the steps were very slick when

      he walked on them immediately prior to her fall; however, after inspecting the area, it was clear to him that the green algae on the steps made them slippery for anyone attempting to walk on them.

Dkt. 24 at 6–7.

### III. DISCUSSION

**A.    Motion to Strike**

Defendants move to strike the declaration of Ms. Benson (Dkt. 24–5). Ms. Benson is a purported real estate specialist and claims that she has testified in court numerous times on the standards applied to brokers. *Id*. ¶¶ 2–3. Her opinions, however, go well beyond this alleged area of expertise and touch on whether the top stair of the property was hazardous. *Id*. ¶¶ 5–14. On the issues of the safety of the actual step in question, Defendants argue that her opinions should not be considered by the Court because an insufficient foundation was laid to qualify her as an expert. Dkt. 26. The Court agrees. Therefore, the Court grants Defendants' motion to strike the declaration of Ms. Benson.

**B.    Summary Judgment**

Defendants move for "summary judgment declaring they were not negligent as a matter of law and dismissing Plaintiffs' claims against them with prejudice." Dkt. 21 at 2.

    **1.    Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

      The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2.     Negligence**

Defendants argue that (a) there was not an unsafe condition on the Property, (b) Plaintiffs have failed to show that Defendants knew or should have known of the condition, and (c) Plaintiffs have failed to show that such a condition was the proximate cause of Mrs. Williams-Degree' injuries.

**a.     Unsafe Condition**

There are obvious questions of fact on this issue. Defendants, however, contend that Plaintiffs are attempting to manufacture questions of fact by submitting evidence that directly contradicts their earlier testimony. Dkt. 25 at 1–3. This rule is used sparingly and usually in situations such as a plaintiff declaring that he never received a particular diagnosis when the claim is directly contradicted by admissible medical records. *See, e.g., Marshall v. AC & S Inc.*, 56 Wn.App. 181, 185 (1989). In this case, there are no direct contradictions and any discrepancies may be brought to light via cross examination. Therefore, the Court denies Defendants' motion on the issue of an unsafe condition because material questions of fact exist.

**b.     Knowledge**

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

1      (b) should expect that they will not discover or realize the danger, or
will fail to protect themselves against it, and
2      (c) fails to exercise reasonable care to protect against the danger.

3  *Wiltse v. Albertson's Inc.*, 116 Wn.2d 452, 457 (1991).

4  In this case, questions of fact exist precluding summary judgment. It is undisputed 5 that there was a fair amount of moss growing on the front of the stairs. Moreover, the 6 real estate agent, Jim Clifford, checked the premise on a weekly basis, including a visual 7 inspection the day of the accident. Although Mr. Clifford contends that he never saw 8 moss or slippery algae on the top of the steps, Plaintiffs contend that such conditions 9 were noticeably visible the day of the incident. Viewing the facts in the light most 10 favorable to Plaintiffs, reasonable minds could differ whether Mr. Clifford simply missed 11 the alleged unreasonable risk of harm the day of the accident. Therefore, the Court 12 denies Defendants' motion on this issue because material questions of fact exist.

13     **c.    Causation**

14  Defendants contend that Plaintiffs' theory of causation is based on mere 15 speculation. Dkt. 21 at 15–17. In Washington,

16     [t]he facts relied upon to establish a theory by circumstantial
evidence must be of such a nature and so related to each other that it is the
17     only conclusion that fairly or reasonably can be drawn from them. A
verdict cannot be founded on mere theory or speculation. If there is nothing
18     more tangible to proceed upon than two or more equally reasonable
inferences from a set of facts, and under only one of the inferences would
19     the defendant be liable, a jury will not be allowed to resort to conjecture to
determine the facts.
20
*Schmidt v. Pioneer United Dairies,* 60 Wn.2d 271, 276 (1962). Defendants argue that,
21
based on Mrs. Williams-Degree's poor vision and history of dizziness, it is equally
22

ORDER - 7

plausible that her fall was not the result of any slippery algae. While it is true that Mrs. Williams-Degree could have possibly avoided the allegedly hazardous condition with better eyesight, it is complete speculation that the fall was the result of a dizzy spell. On the other hand, viewing the evidence in the light most favorable to Plaintiffs, it is a fair and reasonable conclusion that Mrs. Williams-Degree slipped while stepping down from the front porch. Therefore, the Court denies Defendants' motion on this issue.

### 3. Loss of Consortium

Defendants' motion on this issue is entirely based on the Court granting the motion on the negligence issues. Dkt. 21 at 18. Therefore, the Court denies Defendants' motion on this issue as well.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 21) is **DENIED** and their motion to strike (Dkt. 26) is **GRANTED**.

Dated this 4th day of September, 2013.

_（signature）_
BENJAMIN H. SETTLE
United States District Judge