UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE WILLIAMS-DEGREE and
FREDERICK L. DEGREE,

                    Plaintiffs,

         v.

WASHINGTON REALTY GROUP,
LLC, and FEDERAL HOME LOAN
MORTGAGE CORPORATION,

                    Defendants.

CASE NO. C12-6053 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION FOR
AN AWARD OF SANCTIONS

         This matter comes before the Court on Defendant Washington Realty Group's

("WRG") motion for an award of sanctions (Dkt. 45).

         On December 17, 2013, Plaintiff Stephanie Williams-Degree and Frederick

Degree ("Degrees") moved for voluntary dismissal.  Dkt. 38.  Because the motion was

filed so close to trial, the Court granted the motion on the condition that the Degrees pay

sanctions to WRG.  Dkt. 41.  On January 30, 2014, WRG filed the instant motion

requesting that the Court award $10,044.00 in sanctions for categories of work that may

1  not be used in subsequent state court litigation.  Dkt. 46, ¶¶ 15–16.  On February 10,

2  2014, the Degrees responded.  Dkt. 47.  On February 14, 2014, WRG replied.  Dkt. 48.

3       Federal Rule of Civil Procedure 41(a)(2) allows plaintiffs, pursuant to an order of

4  the court, and subject to any terms and conditions the court deems proper, to dismiss an

5  action without prejudice at any time.  In order to protect the defendant's interest in having

6  to relitigate the matter, the court may condition "the dismissal without prejudice upon the

7  payment of appropriate costs and attorney fees."  *Westlands Water Dist. v. U.S.*, 100 F.3d

8  94, 97 (9th Cir. 1996).  Defendant, however, "should only be awarded attorney fees for

9  work which cannot be used in any future litigation of these claims."  *Id*. (citing *Koch v.*

10  *Hankins*, 8 F.3d 650, 652 (9th Cir.1993)).

11       In this case, WRG has provided a list of work that its attorneys have preformed

12  that it claims may not be used in any subsequent state court litigation.  The Degrees fail

13  to cite any authority in their favor and fail to scrutinize any of WRG's billing records.

14  *See* Dkt. 47.  The Court has reviewed the billing records and agrees with WRG in part

15  and disagrees with WRG in part as to what may be used in subsequent litigation.  For

16  example, WRG requests reimbursement for drafting and reviewing initial disclosures and

17  the joint status report.  While these activities may be unique to federal court, it would

18  definitely be helpful if the Degrees refiled the matter in state court.  On the other hand,

19  work performed on pre-trial matters, the voluntary dismissal issues, and this instant

20  motion will not be useful in a subsequent action.  This work appears to occur after

21  November 2013.  *See* Dkt. 46-1 at 22–46.  The records, however, are heavily redacted

22  and there is no easy way to calculate the exact total.  Although it appears that WRG

1  should be compensated for the majority of its attorneys' claimed hours, the Court will

2  afford the Degrees some lienency and simply award half of WRG's requested amount.

3  Therefore, the Court **GRANTS in part** and **DENIES in part** WRG's motion and awards

4  WRG $5022.00 in sanctions.

5          **IT IS SO ORDERED.**

6          Dated this 24th day of February, 2014.

7

8          _____

9          BENJAMIN H. SETTLE
           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3